```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**KEN DIVINEY, Parent and Next**
**Friend of Ryan Kenneth Diviney,**
**and BRIAN MATTHEW MCLHINNEY,**

      **Plaintiffs,**

**v.**                     //    **CIVIL ACTION NO. 1:11CV149**
                                          **(Judge Keeley)**

**AUSTIN VANTREASE, JONATHAN MAY,**
**DOLIN MCKEFFREY, BRANDON GROUX,**
**TYLER HUSFELT and ALEXANDER WOODS,**

      **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On May 3, 2012, the defendant, Austin Vantrease ("Vantrease") filed a motion for a restraining order prohibiting the plaintiff, Ken Diviney ("Diviney"), from posting certain comments on a website known as "Ryan's Rally" because he believed the posts would impact potential jurors and disrupt his right to a fair trial. (Dkt. No. 101). The Court referred this matter to United States Magistrate Judge John S. Kaull in accordance with 28 U.S.C. § 636.

On June 4, 2012, Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R"), in which he recommended that the motion for a restraining order be denied without prejudice. (Dkt. No. 116). Magistrate Judge Kaull found that Vantrease had failed to show he would suffer irreparable harm in the absence of a restraining order or that the postings on "Ryan's Rally" would likely infringe the defendants' right to a fair trial.

**DIVINEY v. VANTREASE** 1:11CV149

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Although Magistrate Judge Kaull informed Vantrease that failure to object to the R&R within fourteen (14) days would result in the waiver of his appellate rights on the issue, Vantrease filed no objections.[1] The Court therefore **ADOPTS** the R&R in its entirety and **DENIES WITHOUT PREJUDICE** Vantrease's motion for a restraining order (dkt. no. 101).

It is so **ORDERED**.

The Court directs the Clerk to transmit copies to counsel of record.

DATED: June 21, 2012

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] Vantrease's failure to object to the R&R waives his appellate rights in this matter and relieves the Court of any obligation to conduct a de novo review of the issue presented. See 28 U.S.C. § 636(b)(1); United States v. Schrone, 727 F.2d 91 (4th Cir. 1984).